IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DEBORAH IRENE JACKSON,

                Plaintiff,

vs.                             Case No. 10-1087-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

                Defendant.


MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff supplemental security income payments. On May 27, 2010, the defendant filed a motion to reverse and remand the case for further hearing (Doc. 11-12). Plaintiff filed a response to the motion on July 27, 2010 (Doc. 20).

## I. General legal standards

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are

not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors

(the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On November 21, 2008, administrative law judge (ALJ) Alison K. Brookins issued her decision (R. at 17-25). Plaintiff alleges that she has been disabled since August 1, 2004 (R. at 17). At step one, the ALJ determined that plaintiff has not performed substantial gainful activity since March 1, 2007, the application date (R. at 19). At step two, the ALJ found that plaintiff had

the following severe impairments: mild degenerative disc disease of the lumbar spine, mood disorder and personality disorder with borderline dependent features (R. at 19). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 19). After determining plaintiff's RFC (R. at 21), the ALJ found at step four that plaintiff is able to perform past relevant work as a home attendant and housekeeper (R. at 24). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 24-25).

**III. Should defendant's motion be granted, and if so, on what basis?**

Defendant seeks a reversal of the decision of the Commissioner, and a remand of this case for further hearing for the following reasons:

> Upon receipt of the Court's remand order, the
> Appeals Council will remand this case
> to the ALJ with instructions to further
> clarify Plaintiff's residual functional
> capacity (RFC), including the moderate
> difficulties in social functioning as
> indicated in the decision. She will also be
> directed to obtain supplemental evidence from
> a vocational expert regarding the impact of
> the moderate difficulties in social
> functioning on her ability to perform her
> past work.

(Doc. 12 at 1). Plaintiff, in her response to the motion, stated that she does not object to remanding the case for further consideration, but does object to remanding on the narrow grounds

5

contained in the motion to remand (Doc. 20 at 1).  Specifically, on remand, plaintiff asserts that other errors by the ALJ should also be addressed when the case is remanded.  These include the ALJ's finding of only mild degenerative disc disease of the lumbar spine, erroneously equating medical ratings with the degree of functional disability, and the failure to consider the findings of an MRI on October 30, 2004 (Doc. 20 at 2-3). Plaintiff also asserts error by the ALJ by relying on her own medical opinions (Doc. 20 at 3-5).  Plaintiff alleges that the ALJ failed to consider certain evidence pertaining to plaintiff's mental impairment (Doc. 20 at 5-7).  Finally, plaintiff argues that the ALJ failed to provide a sufficient rationale for rejecting the opinions of Ms. Russell or for finding only a moderate limitation in plaintiff's ability to understand, remember and carry out detailed instructions (Doc. 20 at 7-8).

The court finds that good cause has been shown to reverse the decision of the Commissioner and to remand this case for further hearing.  When this case is remanded, the ALJ shall comply with the requirements set forth in the motion to remand (quoted on page 5 of this order).  Furthermore, the Commissioner should also address the other allegations of error asserted by plaintiff in her response (Doc. 20).

IT IS THEREFORE ORDERED that the motion to remand (Doc. 11-12) is granted.  The decision of the Commissioner is reversed,

and the case is remanded (sentence four remand) for further hearing in accordance with this opinion.

IT IS FURTHER ORDERED that plaintiff's motion to suspend briefing schedule (Doc. 21) is rendered moot in light of the decision of the court to grant the motion to reverse the decision of the Commissioner and to remand for further hearing.

Dated this 17th day of August, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge